UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVEN J. JACOBSON, ADVISOR RESOURCE COUNCIL, f/k/a 360 WEALTH MANAGEMENT LLC ("ARC"),<br><br>    Defendants,<br><br>MARIAN JACOBSON,<br><br>    Relief Defendant. | Case No. 2:23-cv-05650<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAGISTRATE JUDGE MICHAEL NORTH |

**FINAL JUDGMENT AS TO DEFENDANT**
<u>**ADVISOR RESOURCE COUNCIL**</u>

The Securities and Exchange Commission having filed a Complaint and Defendant Advisor Resource Council having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or

1

communication in interstate commerce or by use of the mails, directly or indirectly to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(2) directly or indirectly, by the use of the mails or any means of interstate commerce, engaging in transactions, practices, or courses of business that operate as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(4) and Rule 206(4)-7 thereunder,

17 C.F.R. § 275.206(4)-7 directly or indirectly, by failing to adopt and implement written policies and procedures reasonably designed to prevent violations of the Advisers Act and its rules.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 204(a) of the Advisers Act, 15 U.S.C. § 80b-4(a), and Rules 204-2(a)(14) and 204-2(a)(7), 17 C.F.R. §§ 275.204-2(a)(14)(i) and 275.204-2(7)(i), respectively directly or indirectly, by failing to make and keep accurate copies of required books and records.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $300,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant

shall make this payment pursuant to the terms of the payment schedule set forth in paragraph VI below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Advisor Resource Council as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

## VI.

Advisor Resource Council shall pay the total penalty due of $300,000 in twelve (12) installments to the Commission according to the following schedule:

(1) $50,000, within 30 days of entry of this Final Judgment;

(2) $22,727.28, within 60 days of entry of this Final Judgment;

(3) $22,727.28, within 90 days of entry of this Final Judgment;

(4) $22,727.28, within 120 days of entry of this Final Judgment;

(5) $22,727.28, within 150 days of entry of this Final Judgment;

(6) $22,727.28, within 180 days of entry of this Final Judgment;

(7) $22,727.28, within 210 days of entry of this Final Judgment;

(8) $22,727.28, within 240 days of entry of this Final Judgment;

(9) $22,727.28, within 270 days of entry of this Final Judgment;

(10) $22,727.28, within 300 days of entry of this Final Judgment;

(11) $22,727.28, within 330 days of entry of this Final Judgment; and

(12) $22,727.28, within 360 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Advisor Resource Council shall contact the staff of the Commission for the amount due for the final payment.

If Advisor Resource Council fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the undertakings to:

    a.    Retain, not later than 45 days after the date of the entry of the Final Judgment, the services of an independent compliance consultant ("Compliance Consultant") that is not unacceptable to the Commission's staff. The Compliance Consultant's compensation and expenses shall be borne exclusively by Defendant.

    b.    Defendant will oversee the work of the Compliance Consultant.

    c.    Defendant shall provide to the Commission staff, within thirty (30) days of retaining the Compliance Consultant, a copy of an engagement letter detailing the Compliance Consultant's responsibilities, which shall include a comprehensive compliance review as described below. Defendant shall require that, within ninety (90) days of the date of the engagement letter, the Compliance Consultant conduct:

> i. A comprehensive review of Defendant's supervisory, compliance, and other policies and procedures designed to ensure that Defendant's block trading and corresponding trade allocations were appropriate and fair to Defendant's advisory clients.
>
> ii. A comprehensive review of Defendant's supervisory, compliance, and other policies and procedures designed to ensure adequate monitoring of its investment adviser representatives' investment processes, trading activity, and suitability of client recommendations.

    iii. A comprehensive review of Defendant's supervisory, compliance, and other policies and procedures designed to ensure that Defendant maintained required books and records in accordance with the federal securities laws.

    iv. A comprehensive review of Defendant's supervisory, compliance, and other policies and procedures designed to ensure the accuracy of Defendant's client disclosures.

  d. At the end of the review, which in no event shall be more than 180 days after the date of the entry of the Final Judgment, Defendant shall require the Compliance Consultant to submit a Report to Defendant and the staff of the Commission ("Report"). The Report shall include a description of the review performed, the conclusions reached, the Compliance Consultant's recommendations for changes in or improvements to Defendant's policies and procedures, and a procedure for implementing the recommended changes in or improvements to those policies and procedures.

  e. Defendant shall adopt all recommendations contained in the Compliance Consultant's Report; provided, however, that within 210 days after the date of entry of the Final Judgment, or within 30 days after delivery of the Report to Defendant (whichever date is later), Defendant shall, in writing, advise the Compliance Consultant and the Commission staff of any recommendations that it considers unnecessary, unduly burdensome, impractical, or inappropriate. With respect to any such recommendation, Defendant need not adopt that recommendation at that time but shall propose in writing an alternative policy, procedure, or system designed to achieve the same objective or purpose. As to any recommendation on which Defendant and the Compliance Consultant do not agree, such parties shall attempt in good faith to reach an agreement within 30 days after Defendant serves the Report described above. In the event that Defendant and the

Compliance Consultant are unable to agree on an alternative proposal, Defendant and the Compliance Consultant shall jointly confer with the Commission staff to resolve the matter. In the event that, after conferring with the Commission staff, Defendant and the Compliance Consultant are unable to agree on an alternative proposal, Defendant will abide by the recommendations of the Compliance Consultant.

      f.      Within ninety (90) days of Defendant's adoption of all of the recommendations in the Compliance Consultant's Report, as determined pursuant to the procedures set forth herein, Defendant shall certify in writing to the Compliance Consultant and the Commission staff that it has adopted and implemented all of the Compliance Consultant's recommendations in the Report. Unless otherwise directed by the Commission staff, all Reports, certifications, and other documents required to be provided to the Commission staff shall be sent to Robert Conrad, Assistant Director, Division of Enforcement, Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90017, or such other address as the Commission's staff may provide.

      g.      Defendant shall cooperate fully with the Compliance Consultant and shall provide the Compliance Consultant with access to files, books, records, and personnel as are reasonably requested by the Compliance Consultant for review.

      h.      To ensure the independence of the Compliance Consultant, Defendant (i) shall not have the authority to terminate the Compliance Consultant or substitute another independent compliance consultant for the initial Compliance Consultant, without the prior written approval of the Commission's staff; and (ii) shall compensate the Compliance Consultant and persons engaged to assist the Compliance Consultant for services rendered pursuant to this Order at their reasonable and customary rates.

    i. Finally, Defendant shall certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Robert Conrrad, Assistant Director, Division of Enforcement, Securities and Exchange Commission, 444 S. Flower Street, Suite 900, Los Angeles, CA 90017, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

New Orleans, Louisiana, this 15th day of February, 2024.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE