## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SECURITIES AND EXCHANGE
COMMISSION**
                                                    **CIVIL ACTION**

**VERSUS**                                          **NO: 23-5650**

**STEVEN JACOBSON ET AL.**                          **SECTION: "H"**


## ORDER AND REASONS

     Before the Court is Defendant Steven Jacobson's Motion to Strike (Doc. 9). Oral argument on the Motion was held on February 22, 2024. For the following reasons, the Motion is **DENIED**.


## BACKGROUND

     On September 29, 2023, the United States Securities and Exchange Commission ("SEC") filed this civil suit, alleging various violations of the Securities and Exchange Act of 1933, Securities and Exchange Act of 1934, and Investment Advisers Act of 1940 by Defendants Steven Jacobson and Adviser Resource Council ("ARC").[1] ARC is a registered investment adviser. Jacobson was formerly employed by ARC and is currently a Louisiana-based investment adviser representative.

---

[1] Doc. 1.

1

In its Complaint, the SEC alleges that ARC "failed to adopt and implement an adequate supervisory system and procedures to prevent violations of the Advisers Act," "failed to maintain required books and records," and "failed to adopt and implement policies and procedures reasonably designed to ensure" adequate monitoring of investment adviser representatives' investment processes and to ensure that its representatives fairly used the firm's block account.[2] As to Defendant Jacobson, the SEC alleges that he engaged in a cherry-picking scheme from July 31, 2020 to October 1, 2020, that resulted in ill-gotten gains of approximately $207,902 to Jacobson and his mother, Relief Defendant Marian Jacobson.

On February 16, 2024, the Court approved a consent judgment between the SEC and Defendant ARC, which resolved all civil claims against ARC in this case.[3] Defendant Steven Jacobson now moves this Court to strike four allegations from the SEC's Complaint pursuant to Federal Rule of Civil Procedure 12(f). The SEC opposes.[4]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a Court to "strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter." Motions to strike are generally disfavored and "should be used sparingly by the courts," as it is "a drastic remedy to be resorted to only when required for the purposes of justice [and] . . . when the pleading to be stricken has no possible relation to the controversy."[5] Therefore, "even when technically

---

[2] Doc. 1 at 10–12.
[3] Doc. 17.
[4] Doc. 15.
[5] Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962) (internal citation omitted); Pan–Am. Life Ins. Co. v. Gill, No. 89-5371, 1990 WL 58133, at *2 (E.D. La. Apr. 27, 1990). *See also* Am. S. Ins. Co. v. Buckley, 748 F. Supp. 2d 610, 626–

appropriate and well-founded," a motion to strike should not be granted unless the moving party demonstrates prejudice.[6] The decision whether to grant or deny a motion to strike is committed to the trial court's sound discretion.[7]

A matter is "redundant" under Rule 12(f) if it is "a needless repetition of other averments in the pleadings."[8] A matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the defenses being pleaded."[9] A matter is "impertinent" when it "consists of statements that do not pertain, and are not necessary, to the issues in question."[10] And a matter is "scandalous" if it "improperly casts a derogatory light on someone, most typically on a party to the action."[11] To find that a matter is scandalous, however, "it is not enough that the matter offends the sensibilities of the objecting party or the person who is the subject of the statements in the pleading, if the challenged allegations describe acts or events that are relevant to the action."[12] "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."[13]

---

27 (E.D. Tex. 2010) ("Although motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties.").

[6] Abene v. Jaybar, LLC, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (internal quotation marks omitted) (citing 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed. 2004); Boyd's Bit Serv., Inc. v. Specialty Rental Tool & Supply, Inc., 332 F. Supp. 2d 938, 944 (W.D. La. 2004)). *Accord* Diesel Specialists, LLC v. MOHAWK TRAVELER M/V, Nos. 09-2843, 11-1162, 2011 WL 4063350, at *1 (E.D. La. Sept. 13, 2011).

[7] Who Dat, Inc. v. Rouse's Enters., LLC, No. 12-2189, 2013 WL 395477, at *2 (E.D. La. Jan. 31, 2013).

[8] 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1382 (3d ed. 2004).

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] Spoon v. Bayou Bridge Pipeline, LLC, 335 F.R.D. 468, 471 (M.D. La. 2020).

## LAW AND ANALYSIS

Defendant Jacobson moves to strike the following allegations from the SEC's Complaint:

- Jacobson joined ARC in October 2019 after his prior firm fired him for inappropriate workplace behavior that did not involve securities or client harm.

- ARC's management knew that Jacobson's prior employer had terminated him.

- ARC's management also knew that Jacobson's ex-spouse had accused him of misappropriating $450,000 from his sons' UTMA accounts.

- ARC's primary custodian, LPL Financial, would not approve Jacobson due to the ongoing litigation.[14]

Jacobson argues that these allegations should be stricken because they are impertinent, scandalous, and prejudicial. The SEC responds that these allegations are neither impertinent nor scandalous and are relevant to the SEC's claims. Moreover, the SEC contends that Jacobson would not suffer any prejudice if this Court denied his motion to strike. Because a well-founded and appropriate motion to strike cannot be granted unless the moving party demonstrates prejudice, the Court first considers whether Defendant has done so.[15]

Defendant Jacobson contends, without further explanation that these allegations "will unfairly prejudice him both in the defense and preparation of his case and in the eyes of the jury."[16] Therefore, according to Defendant,

---

[14] Doc. 9-1 at 6; Doc. 1 at 4–5.
[15] *See Abene*, 802 F. Supp. 2d at 723.
[16] Doc. 9-1 at 8. Similarly, Defendant's also contends that certain allegations "will only serve to inflame the jury and prejudice it against him." *Id.*

prejudice will only result if the Complaint is shown to a jury or if counsel for the SEC refers to these allegations during opening or closing arguments. The prejudice to Defendant is therefore contingent upon presentation of the allegations to the jury.[17] This Court finds that the drastic remedy of striking the SEC's allegations is not warranted where the alleged prejudice could be prevented by other remedies, namely by Defendant filing a motion in limine or otherwise moving this Court to redact the allegations from the Complaint—if and when it is shown to a jury. Accordingly, the Court finds that Defendant Jacobson has failed to sufficiently demonstrate the prejudice resulting from denial of his motion to strike, a necessary element of the relief that he seeks.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 21st day of March, 2024.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] At oral argument, counsel for the SEC stated that she could not remember a time where the complaint was sent back to the jury.

5